ject in the case of Bœrum v. Betts (*1 Dem. R.*, *471*), and hold that the service in this case was sufficient.

I have deemed it proper · to examine this question with some care, as titles ·of devisees may be involved.

———————————————

WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—May, 1884.

KYDD V. DALRYMPLE.

*In the matter of the judicial settlement of the account of* ALEXANDER DALRYMPLE, *as executor of the will of* AGNES DALRYMPLE, *deceased.*

The law regards the claim of an executor against his testator's estate with suspicion.

Decedent's executor, who was her brother, on his accounting presented a claim against her estate, for more than $2,800, for moneys paid for board furnished to decedent, beginning in 1864. The statement, prior to 1877, embraced charges for board, with no credits. In the latter year, decedent had become entitled to a legacy, which the accounting party received and managed for her ; and thereafter the statement embraced items for moneys received and disbursed by him. The last item in the account was on his side, and dated April 23rd, 1883. There was no proof that the accounting party had applied any of the sums received for decedent, in payment of his charges against her of an earlier date than 1877.—

Held, ·that the account between decedent and her brother did not become a "mutual open and current" one, so as to enable the latter to avail himself of the provisions of Code Civ. Pro., § 386, until 1877, when he commenced to manage her legacy ; that, accordingly, items of an earlier date were barred by the statute ; and that the bar was not removed, as permitted under Code Civ. Pro., § 395, by any application of payments.

THE executor presented a verified claim in his own favor, on the accounting, amounting to $2,825.29 and

interest.   Objection was interposed by Sarah E. D. Kydd and James Kydd, her husband, respectively administratrix and administrator of the estate of a sister of decedent, and legatee under her will, and who died subsequently to decedent.   No proofs were taken, the objectors not disputing that the items of moneys charged in the account had been paid for the deceased, but claiming that, down to 1875, the several items were gratuities, to wit, the payment of decedent's board from 1864 down to that period, she being a poor relation.   About 1877, she became entitled to a legacy, when the character of the account was changed.   Prior to that there was a statement of items of money paid for board, with no credits for anything received; afterwards there was an account of moneys paid and credits for cash received.   The contestants insisted, however, that the claim anterior to 1877 was barred by the statute of limitations.

KELLY & MACRAE, *for executor.*

JOHN D. TAYLOR, *for objectors.*

THE SURROGATE.—By § 386 of the Code, if this could be regarded as a mutual, open and current account, the claimant would be entitled, fairly, to recover from April 23rd, 1883, that being the date of the last item on his side of the account; but it does not appear to have commenced to be such an account until about June, 1877.  The executor, it is stated, then received the decedent's legacy, and managed her affairs for her from that time until her death.   All the items on both sides of the account, which was kept solely by the

executor, are for moneys received and disbursed by him. It does not appear that decedent kept any account whatever. He was a trusted brother, who managed the whole matter for her. I do not think he can recover except for the period covered by his management of her legacy, unless there was a payment on account of the other items of his alleged claim, the effect of which is provided for in § 395. I have no proof that there was any such payment. He is the executor, and the law regards his claim with suspicion. I cannot assume that he so applied any of the money, and, therefore, he cannot avail himself of the provisions of that section.

The affidavit verifying the claim fails to show that there are no offsets to it, but as that was not made a ground of objection, I do not feel at liberty to reject the whole, for that reason.

Disposing of a case like this, without evidence other than the assertions and denials of counsel, is very unsatisfactory. From my recollection of what occurred before me, I do not feel authorized to allow to this brother of the testatrix any of the amounts paid by him for his sister's board anterior to the commencement of the mutual account. It strikes me that, if he did not intend the payments made for her board, prior to that time, as gratuities, he would have at once reimbursed himself those outlays on receiving the fund bequeathed to her.

Decreed accordingly.